UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COSUMNES CORPORATION, et al.,<br><br>Defendants. | No.  2:25-cv-01562-DAD-SCR<br><br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS OR STAY THIS CASE<br><br>(Doc. No. 12) |

This matter is before the court on the motion to dismiss or stay this action filed by defendants Cosumnes Corporation and Carol Anderson Ward.  (Doc. No. 12.)  On September 29, 2025, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g).  (Doc. No. 20.)  For the reasons explained below, the court will deny the defendant insureds' motion to dismiss or stay this action.

## BACKGROUND

On June 4, 2025, plaintiffs Great American Alliance Insurance Company and Great American Insurance Company ("plaintiffs") filed this action for declaratory relief and reimbursement against their insureds, defendants Cosumnes Corporation and Carol Anderson Ward ("the defendant insureds"), and against a third-party claimant, defendant California

/////

1

Coastkeeper Alliance ("defendant Coastkeeper" or "the third-party claimant").  (Doc. No. 1.)  In their complaint, plaintiffs allege as follows.

On August 25, 2020, defendant Coastkeeper, in its capacity as an environmental group which advances statewide policies and programs for healthy and clean waters, brought a now-closed underlying action against the defendant insureds.  (*Id.* at ¶ 12); *Cal. Coastkeeper All. v. Cosumnes Corp., et al.*, No. 2:20-cv-01703-SCR, Doc. No. 1 (E.D. Cal. Aug. 25, 2020).  The third-party claimant's first amended complaint in that action alleged that the defendant insureds discharged pollutants, which "include but are not limited to horse manure, bedding, sediment, equine footing, trash, and other pollutants associated with equine operations."  (Doc. No. 1 at ¶ 24.)  Based on these and other allegations, the third-party claimant brought two causes of action for (1) unlawful discharge without a Clean Water Act National Pollutant Discharge Elimination System Permit in violation of 33 U.S.C. §§ 1311(a), 1342, and (2) violation of the Resource Conservation and Recovery Act, 42 U.S.C. § 6972(a)(1)(B).  (*Id.* at ¶ 12.)  Plaintiffs initially agreed to defend the defendant insureds in the underlying action subject to an express reservation of rights.  (*Id.* at ¶ 42.)

The defendant insureds have five insurance policies issued by plaintiffs.  (*Id.* at ¶¶ 53–54.) The parties agree that Policy 5 is not implicated by the underlying action.  (Doc. No. 18 at 5 n.1.) Policies 1–4 exclude from coverage "'[b]odily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants[.]'"  (Doc. No. 1 at ¶ 56.)  Policies 1–4 further define pollutants as follows:

> "Pollutants' means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.  Waste does not include natural fertilizers of plant or animal origin while used in normal or usual "farming" operations provided the operations are not in violation of any ordinance or law.

(*Id.*)

Based on these allegations, plaintiffs assert the following seven causes of action:  (1) a declaratory relief claim against defendant Cosumnes Corporation as to plaintiffs' duty to defend defendant Cosumnes Corporation in the underlying lawsuit; (2) a declaratory relief claim against

2

defendant Carol Anderson Ward as to plaintiffs' duty to defend defendant Carol Anderson Ward in the underlying lawsuit; (3) a declaratory relief claim against defendant Cosumnes Corporation as to plaintiffs' duty to indemnify defendant Cosumnes Corporation in the underlying lawsuit; (4) a declaratory relief claim against defendant Carol Anderson Ward as to plaintiffs' duty to indemnify defendant Carol Anderson Ward in the underlying lawsuit; (5) for reimbursement of amounts paid to defend defendant Cosumnes Corporation in the underlying lawsuit; (6) for reimbursement of amounts paid to defend defendant Carol Anderson Ward in the underlying lawsuit; and (7) for defendant Coastkeeper to be bound by determinations of coverage. (*Id.* at ¶¶ 63–93.)

On August 19, 2025, the insured defendants filed the pending motion to stay or dismiss this action. (Doc. No. 12.) On September 2, 2025, plaintiffs filed an opposition, and on September 12, 2025, the defendant insureds filed a reply. (Doc. Nos. 17, 18.)

Subsequently, on October 6, 2025, the parties in the underlying suit settled that action, and on October 30, 2025, the court entered judgment in favor of the third-party claimant pursuant to the parties' stipulation and closed the case. *See California Coastkeeper Alliance*, Doc. Nos. 212, 218. On November 21, 2025, defendant Cosumnes Corporation filed a notice of appeal, and on February 6, 2026, the Ninth Circuit dismissed the appeal pursuant to the parties' stipulation. *Id.*, Doc. Nos. 219, 227.

**LEGAL STANDARD**

**A.      Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

/////

3

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.    Motion to Stay**

A federal district court has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Rather than dismiss an action, "[a] stay is the 'preferable course' where there are pending state proceedings." *N. River Ins. Co. v. Leffingwell Ag Sales Co.*, No. 10-cv-02007-LJO-MJS, 2011 WL 304579, at *6 (E.D. Cal. Jan. 27, 2011) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995)). If there is a pending proceeding that is independent of, but related to, the federal lawsuit, then in certain circumstances the federal district court may stay the federal lawsuit while the independent proceeding moves forward. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). The independent proceeding need not be controlling of the federal lawsuit to be considered related. *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Rather, an independent proceeding is related to the federal lawsuit if the proceeding will likely settle and simplify issues in the federal

4

lawsuit. *Integon Preferred Ins. Co. v. Camacho*, No. 1:16-cv-01496-AWI-SAB, 2018 WL 6620342, at *10 (E.D. Cal. Dec. 18, 2018) (citing *Landis*, 299 U.S. at 256).

Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one [sic] else." *Id*. at 255. In considering whether to grant a stay, a court should weigh several factors, including: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

## ANALYSIS

**A.      The Defendant Insureds' Motion to Dismiss**

      1.      Duty to Defend[1]

"[T]he insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages *potentially* covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 299 (1993). "The Court's task, therefore, is to determine whether the

---

[1] Though plaintiffs filed this declaratory action, and the parties briefed the pending motion, before the underlying action closed, and "[m]ootness is jurisdictional" such that the court may consider the issue *sua sponte*, *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009), the court notes that plaintiffs' claims have not necessarily been rendered moot by the resolution of the underlying action. *See Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1474 (9th Cir. 1997) ("After this case was argued, this court was advised that the Higashiguchis [the third-party claimants] had settled their claim against Stauber [the defendant insured] and Stauber's personal carrier, State Farm Insurance Company. . . . We are satisfied that, as of this moment, the [instant action for declaratory judgment that the plaintiff had no duty to defend or indemnify] is not moot; Budget [the plaintiff insurer] was not a party to the settlements and may be subject to actions for indemnity or subrogation based on its policy. Our decision does not, of course, foreclose the district court from considering on remand any other subsequent developments in order to satisfy itself that this controversy remains a live one.").

facts alleged . . . in the Underlying Complaint could potentially have supported a cause of action covered by the insurance policy." *Redlands Country Club Inc. v. Cont'l Cas. Co.*, No. 10-cv-01905-GAF-DTB, 2011 WL 13224844, at *5 (C.D. Cal. Oct. 4, 2011) (citing *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005)). "Moreover, that the precise causes of action pled by the third-party complaint may fall outside policy coverage does not excuse the duty to defend where, under the facts alleged, reasonably inferable, or otherwise known, the complaint could fairly be amended to state a covered liability."[2] *Liberty Mut. Fire Ins. Co. v. ACI Int'l, Inc.*, No. 2:24-cv-03217-DOC-KES, 2025 WL 2376697, at *7 (C.D. Cal. May 21, 2025) (citation omitted); *see also Scottsdale Ins. Co.*, 36 Cal. 4th at 654.

Here, the third-party claimant alleged that the defendant insureds discharged pollutants, which "include but are not limited to horse manure, bedding, sediment, equine footing, trash, and other pollutants associated with equine operations." (Doc. No. 1 at ¶ 24.) The defendant insureds argue that while the pertinent insurance policies exclude "pollution" from coverage, pollution, for purposes of the insurance policies, is defined to exclude animal waste such that the alleged conduct is covered by the pertinent policies. (Doc. No. 12-1 at 13.) In fact, the policies only exclude from the definition of "pollution" the discharge of "natural fertilizers of plant or animal origin while used in normal or usual 'farming' operations provided the operations are not in violation of any ordinance or law" but not "waste." (Doc. No. 1 at ¶ 56.) The defendant insureds do not explain how the underlying allegations fall within this former, narrower category, particularly because it requires, by definition, that the activities not be in violation of any ordinance or law.

/////

---

[2] Although the underlying action has since been closed, the court notes that it is appropriate to analyze this standard from the perspective of what facts were alleged and known earlier in the litigation, when the defendant insureds filed the pending motion (if not earlier). This is because plaintiffs seek declaratory relief stating that they *never* had a duty to defend the defendant insureds from the underlying action. (Doc. No. 1 at ¶¶ 65, 70.) Even if the ultimate resolution of the underlying case demonstrated that the liability was not covered by the relevant policies, "[t]he defense duty [nevertheless] arises upon tender of a potentially covered claim and lasts until the underlying lawsuit is concluded, or until it has been shown that there is no potential for coverage." *Scottsdale Ins. Co.*, 36 Cal. 4th at 655.

The pertinent question is not whether the behavior of a wholly innocent insured would be covered by the policy.  Instead, the question is whether the underlying complaint states, or could be amended to state based on extrinsic facts, a covered claim.  *Montrose Chem. Corp.*, 6 Cal. 4th at 299; *see also Jaffe v. Cranford Ins. Co.*, 168 Cal. App. 3d 930, 934 (1985) ("In the present case, the outcome of Jaffe's criminal case could not result in damages payable under the policy since neither imprisonment nor a fine constitute 'damages' for insurance purposes.  . . .  Jaffe responds, of course, that he was found *innocent* of the criminal charges, but that simply means that the criminal 'suit' against him resulted in no penalty, financial or otherwise, for which Cranford is obliged to pay.").

The defendant insureds do not clarify how the third-party complainant in the underlying action could have successfully stated a claim against them based on their purported discharge of "natural fertilizers of plant or animal origin . . . used in normal or usual 'farming' operations [where] the operations are not in violation of any ordinance or law."  (Doc. No. 1 at ¶ 56.)  Accordingly, the defendant insureds have failed to demonstrate that the underlying complaint's allegations, or a potential amendment to that complaint grounded in extrinsic facts, could state a covered claim against them.  Accordingly, plaintiffs' complaint cannot be dismissed on this basis.

The defendant insureds further argue that plaintiffs previously admitted in their reservation of rights letter that "[b]ased on [their] review of the Lawsuit, Great American will agree to defend Cosumnes Corp. under Policies 1–4 because the remediation costs potentially qualify as damages because of 'property damage' that took place during a Policy period and was caused by an 'occurrence.'"  (Doc. No. 12-2 at 16.)  However, it has been recognized that an "'insurance company employee opinions or memos' do not give rise to a duty to defend; '[i]nterpretation of an insurance policy is a question of law, as is whether there is a duty to defend in this context.'"  *Britt v. Twin City Fire Ins. Co.*, No. 12-cv-01355-JST-JPR, 2013 WL 12121872, at *7 (C.D. Cal. June 26, 2013) (quoting *Quan v. Truck Ins. Exch.*, 67 Cal. App. 4th 583, 602 (1998)).  "Moreover, to the extent Plaintiffs are relying on some form of waiver or estoppel argument, their claim also fails."  *Id.*  "[A]n insurer can withdraw its defense of an insured if it has reserved its rights and determines that there is no potential for coverage under the

7

Policy." *Id.*  The defendant insureds do not contest that plaintiffs have properly reserved their rights here.  (Doc. No. 12-2 at 16) ("Great American reserves its right to modify its coverage position based upon new or additional information.").  Accordingly, the defendant insureds' motion to dismiss brought on this basis will be denied as well.

2.     Defendant Coastkeeper

The defendant insureds argue that defendant Coastkeeper, the plaintiff in the underlying action, is not a proper defendant here and should be dismissed from this action.  (Doc. No. 12-1 at 14.)

Under California law, "[i]t has long been recognized that injured third parties are proper defendants in an insurer's action for declaratory relief to determine the scope of coverage under its policy." *State Farm Mut. Auto. Ins. Co. v. Crane*, 217 Cal. App. 3d 1127, 1135 (1990) ("We see no reason why an earlier adjudication, which could increase the prospect of settlement, should be unavailable."); *see also Royal Indem. Co. v. United Enters., Inc.*, 162 Cal. App. 4th 194, 212 (2008), *as modified* (May 7, 2008) ("[A] liability insurer is allowed to affirmatively join an injured third party as a codefendant in a declaratory relief action to determine coverage[.]"); *Canadian Ins. Co. v. Rusty's Island Chip Co.*, 36 Cal. App. 4th 491, 496 (1995) ("[A]n injured third party (such as Rusty's) is a proper defendant in an insurer's action for declaratory relief to determine the scope of coverage under its policy.").  Because this court sits in diversity for purposes of this action, these principles of California law apply here.  *Prop. W., Inc. v. Kinsale Ins. Co.*, No. 3:22-cv-00530-W-BGS, 2022 WL 2116281, at *3 (S.D. Cal. June 13, 2022) ("[A] liability insurer is allowed to affirmatively join an injured third party as a codefendant in a declaratory relief action to determine coverage[.]") (citation omitted).

Accordingly, the court will deny the defendant insureds' motion to dismiss defendant Coastkeeper from this action.

**B.     The Defendant Insureds' Motion to Stay**

The defendant insureds also seek a stay of this action during the pendency of the underlying suit.  (Doc. No. 12-1 at 10.)  However, as noted above, following the filing of the defendant insureds' motion to dismiss or stay, the parties in the underlying suit settled that action,

and on October 30, 2025, the court entered judgment in favor of the third-party claimant pursuant to the parties' stipulation and closed the case. *See Cal. Coastkeeper All.*, Doc. No. 218.[3]

Accordingly, the court will deny the defendant insureds' motion to stay as having been rendered moot because the underlying action and the sole appeal have been dismissed by stipulation of the parties. *See Hall v. CSP-L. A.*, No. 16-cv-06216-RGK-KES, 2017 WL 2060011, at *6 (C.D. Cal. Feb. 15, 2017) (finding that "Defendant's request that the Court stay this action pending resolution of the State Lawsuit is moot" where the underlying action's docket "confirms that the State Lawsuit was dismissed" almost two months prior to the court's order), *report and recommendation adopted,* No. 16-cv-06216-RGK-KES, 2017 WL 2039168 (C.D. Cal. May 12, 2017).

## CONCLUSION

For the reasons explained above,

1.    The defendant insureds' motion to dismiss or stay this action (Doc. No. 12) is DENIED as follows:

    a.    The defendant insureds' motion to dismiss this action is DENIED;

    b.    The defendant insureds' motion to stay this action is DENIED as having been rendered moot; and

2.    The parties are directed to file a joint status report within twenty-eight (28) days of the date of entry of this order regarding the effect, if any, of the settlement of the underlying action on plaintiffs' claims asserted in this action.

IT IS SO ORDERED.

Dated:   **March 20, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

3 As also noted above, on November 21, 2025, defendant Cosumnes Corporation filed a notice of appeal, but on February 6, 2026, the Ninth Circuit dismissed that appeal pursuant to the parties' stipulation. *See Cal. Coastkeeper All.*, Doc. Nos. 219, 227.

9